IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: ARMANDO AND SHANNON ORTEGA, Debtors     No. 4:03-BK-13072
   Ch. 13

ARMANDO ORTEGA and     DEBTORS/PLAINTIFFS
SHANNON ORTEGA

v.     AP No. 4:08-AP-01206

DCS, INCORPORATED     DEFENDANT

## MEMORANDUM OPINION

Before the court is a Motion for Default Judgment [Motion] on a Contempt Complaint for Violation of Automatic Stay [Complaint], filed by the Debtors, Armando and Shannon Ortega [the Ortegas]. In their Complaint, the Ortegas ask the court to find the Defendant, DCS, Incorporated [DCS], in contempt of court for violating the automatic stay and to order the return of their 2008 tax refund to the Chapter 13 trustee as well as any interest, damages, costs, and attorney's fees. The Motion was heard on November 6, 2008. Shannon Ortega [Ms. Ortega] appeared personally and through her attorney. DCS did not appear. For the reasons stated herein, the Motion is granted.

### I. Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rules of Bankruptcy Procedure 7052, 9014, and 9020.

## II. Findings of Fact

In 1996, Ms. Ortega obtained a $29,000 student loan from Citibank. In March 2003, the Ortegas filed their joint petition for Chapter 13 bankruptcy. (Dbs.' Ex. 1 at 1.) On July 30, 2003, the court entered an order confirming the Ortegas' plan. (Dbs.' Ex. 3.) Neither Citibank nor DCS filed a proof of claim.[1] The plan listed Citibank as a general unsecured creditor in the amount of $29,000. (Dbs.' Ex. 1 at 12.) According to the Chapter 13 trustee, the Ortegas modified their plan several times, but the modifications did not affect the student loan creditor. The trustee also testified that the Ortegas made timely payments on their plan.

When the Ortegas filed their 2008 income taxes, they became entitled to a refund of approximately $5700. Because they never received their refund, Ms. Ortega called the IRS to inquire into the matter. The IRS informed her that it had remitted the money to a collection agency, DCS, to apply to the debt owed on the student loan. Ms. Ortega testified that she then contacted DCS, who said they had received the garnished amount from the IRS. When she told her attorney about the garnishment, her attorney sent DCS a letter dated May 9, 2008. The letter informed DCS that the Ortegas had filed bankruptcy in 2003, its actions violated the automatic stay, and failure to return the refund to the Ortegas would lead to contempt proceedings. (Dbs.' Ex. 4.) Having received no correspondence or the tax refund from DCS, the Ortegas filed this Complaint seeking their tax refund and sanctions for contempt.

This case requires the court to consider whether a creditor's interception of a Chapter 13 debtor's post-petition tax refund is a violation of the automatic stay.

---

[1] Citibank either sold or assigned Ms. Ortega's loan and DCS obtained the right to collect on the debt.

## II. Discussion

Section 362 of the Bankruptcy Code proscribes creditors from collecting or attempting to collect from a debtor the moment the debtor files for bankruptcy. 11 U.S.C. § 362(a). The stay remains in effect until the court either grants or denies discharge, closes the case, or the property is no longer part of the bankruptcy estate. 11 U.S.C. § 362(c). Section 362(b) of the Bankruptcy Code exempts certain actions from the automatic stay and even allows for the interception of tax refunds under certain circumstances, such as child support obligations to state agencies. 11 U.S.C. § 362(b)(2)(F). Further, pre-petition income tax refunds may be set off against pre-petition debts. 11 U.S.C. § 362(b)(26). There is not, however, an exception to the automatic stay for student loan obligations.

Student loan creditors whose loans are guaranteed by the Department of Education may request that the Internal Revenue Service [IRS] intercept an income tax refund and distribute that money to the creditor to offset debt owed on a student loan. 26 U.S.C. § 6402(d); *In re Herron*, 177 B.R. 866, 867 (Bankr. N.D. Ohio 1995); *In re Robinson*, 152 B.R. 956, 958 (Bankr. E.D. Mo. 1993). The Bankruptcy Code, however, alters a creditor's right to accept such an IRS intercept. If a creditor requests the interception of an income tax refund for a debtor in bankruptcy, the acceptance and retention of that refund without lifting the stay is a violation of the automatic stay. *In re Blake*, 235 B.R. 568, 569 (Bankr. D. MD 1998)(finding that the Department of Education violated the automatic stay by requesting the IRS to intercept a post-petition income tax refund for money owed to the Department on a student loan); *In re Herron*, 177 B.R. at 868. The facts in *Herron* are similar to the present case. In that case, a student loan creditor had "either requested, or did not withdraw its request, that the Internal Revenue Service

intercept debtor's . . . tax refund in order to satisfy its debt." *In re Herron*, 177 B.R. at 868. Further, the court acknowledged that "[i]n requesting the intercept, [the student loan creditor] was exercising its right under 26 U.S.C. § 6402(d)(1)." *Id.* Still, the court found that "[t]he action taken by [the student loan creditor] in accepting the intercept of debtor's income tax refund *after* the debtor's filing a petition in bankruptcy was a clear violation of the stay imposed by § 362." *Id.* (emphasis original).

In the present case, the facts indicate that DCS accepted the interception of the Ortegas' income tax refund after the Ortegas had filed for bankruptcy. DCS did not attempt to lift the automatic stay. Thus, its action was a violation of the automatic stay.

### III. Conclusion

For the reasons stated herein, the court finds that DCS violated the automatic stay. The Ortegas' Motion is GRANTED, and the court orders DCS to deliver the Ortegas' $5700 income tax refund to the Chapter 13 trustee and to pay $500 in attorney's fees, all to which interest may accrue from this date at the highest rate allowed by law.

IT IS SO ORDERED.

_December 8, 2008_____
DATE

RICHARD D. TAYLOR
U.S. Bankruptcy Judge

cc: Mr. Stephen Wade Parker
     DCS, Inc.

4